UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**13 CV 5014**

------------------------------------------------------------------X

Andres Santana

                                         Plaintiff,

    -against-

The City of New York, New York City Police Department, NYPD Officer Joseph Flores Shield 7704, NYPD Detective Michael Catlin Shield1669, NYPD Officers JOHN DOE # 1 to approximately # 10, the names being fictitious, presently unknown, in their individual and official capacities as employees of the New York City Police Department

                                                                 Defendants.

------------------------------------------------------------------X

**Complaint and Jury Demand**

JUL 18 2013

       The Plaintiff, Andres Santana, by his attorney, Gregory Zenon, Esq., of The Law Office of Gregory Zenon, alleges the following, upon information and belief for this Complaint:

## NATURE OF THE ACTION / PRELIMINARY STATEMENT

       1.     This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, Article I, Sections 6, 11, and 12 of the Constitution of the State of New York, and the common law of the State of New York, against the City of New York, the New York City Police Department, and against Police Officers Flores and Catlin and Police Officers John Doe # 1-10, police officers of the City of New York, in their individual and official capacities. Plaintiff seeks compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

## JURISDICTION

       2.     This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 (3) and (4). Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. §1331 and §1367. Plaintiff requests this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as Plaintiff's federal claims.

## VENUE

       3.     Under 28 U.S.C. § 1391(b), venue is proper in the SOUTHERN District of New York because the defendants NEW YORK CITY POLICE OFFICERS Flores and Catlin have their Precincts within the boundaries of said District and because said district is where a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

4. Plaintiff at all times relevant hereto resided in the City and State of New York.

5. That at all times hereinafter mentioned, and upon information and belief, the defendant, THE CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York.

6. THE NEW YORK CITY POLICE DEPARTMENT was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

7. That at all times hereinafter mentioned, and on information and belief, the defendant Police Officers Flores, Catlin, and/or additional defendant Police Officers, were at all times relevant hereto, employees of the defendant CITY OF NEW YORK, as police officers employed by the defendant, THE NEW YORK CITY POLICE DEPARTMENT.

8. At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

9. That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of defendant, THE CITY OF NEW YORK.

10. That as a result of the foregoing, the defendant, THE CITY OF NEW YORK, is liable for the individual defendant's acts pursuant to the doctrine of "respondeat superior."

## 24 JULY 2010 FACTUAL ALLEGATIONS

11. According to information and belief, at the time of this incident Plaintiff was a 20 year old young man with no criminal record, living at 373 East 8th Street, New York, NY and working part time as an air conditioner installer and part time as a dog walker.

12. On 24 July 2010 at approximately 8:30pm Plaintiff was walking a dog in front of 890 Elsmere Place Apt. 2C, Bronx, NY.

13. Defendant Flores and his codefendants observed that Plaintiff was a dog walker, and observed and followed Plaintiff walk said dog into the building and into Apt. 2C and observed apprehended other Carlos Caban inside said location.

14. Defendant Flores explained he had a search warrant and detained everyone inside to ascertain their relationship to the location and to conduct his search.

15. No contraband of any sort was observed or recovered in plain view by anyone, including Plaintiff, apprehended others, and Defendant Flores.

16. Plaintiff showed Defendant Flores his ID listing his address, and explained he was a dog walker. Apprehended other Colon confirmed this, including that the dog Plaintiff had been walking was Colon's, and that Plaintiff was a dog walker with no ties to the location.

17. Defendant Flores informed Plaintiff that he had to be detained, but that once at the precinct Plaintiff would be released and no charges would be filed.

18. Defendant Flores never observed Plaintiff in any room where any drugs were allegedly recovered.

19. However, when Plaintiff was taken to the precinct, he was charged that night with Criminal Possession of a Controlled Substance in the 3rd Degree and related charges.

20. Plaintiff's family went to the precinct and were denied access to Plaintiff and showed proof of Plaintiff's address. They were told Plaintiff would be detained until the next morning until things were "sorted out" and then he would be released.

21. However, the next morning, 25 July 2010, Plaintiff was additionally charged with Class A Felony Criminal Possession of a Controlled Substance in the 1st Degree, and related charges.

22. Plaintiff remained falsely incarcerated until 6 August 2010 when the Grand Jury voted a No True Bill and dismissed all charges against Plaintiff, for a total of 14 days, under Docket 2010BX046906.

## AUGUST 2010 FACTUAL ALLEGATIONS

23. On 6 August 2010 while Plaintiff was waiting to be released as per Paragraphs 11 – 21, Defendant Catlin drafted a false arrest warrant against Plaintiff and lodged said false warrant against Plaintiff, making it impossible for Plaintiff to be released from custody.

24. Despite numerous and repeated attempts by Plaintiff to effect his release, he remained falsely incarcerated until a Writ of Habeas Corpus forced the New York County District Attorney's Office to arraign Plaintiff on 25 August 2012, under Docket 2010NY055942, on which date the DA admitted on the record that Plaintiff had been held well beyond the CPL 180.80 date without justification or cause, for a total of 25 days.

25. The case was dismissed and all charges were dropped on the next court date, 30 November 2010.

## FIRST CAUSE OF ACTION
(FALSE ARREST AND ILLEGAL IMPRISONMENT)

26. Paragraphs 1 through 24 are herein incorporated by reference.

27. Defendants subjected Plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

28. Defendants have deprived Plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to Plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

29. As a result of the false arrest, imprisonment, and deprivation of liberty, Plaintiff was damaged in the sum of One Million ($1,000,000.00) Dollars.

## SECOND CAUSE OF ACTION
(MUNICIPAL LIABILTY)

30. Paragraphs 1 through 29 are incorporated herein by reference.

31. Defendant CITY OF NEW YORK is liable for the damages suffered by the Plaintiff as a result of the conduct of its employees, agents, and servants.

32. Defendant CITY OF NEW YORK knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

33. Upon information and belief, defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made, and allowed other fellow police officers to make false entries in official police department records to cover up and hide their wrongful conduct.

34. Defendant CITY OF NEW YORK has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

35. Defendant CITY OF NEW YORK has damaged the Plaintiff by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving police misconduct.

36. Defendants subjected Plaintiff to false arrest and false imprisonment.

37. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

## THIRD CAUSE OF ACTION
(FOURTH AMENDMENT)

38. Paragraphs 1 through 37 are incorporated herein by reference.

39. Defendants subjected Plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

40. That as a result of the foregoing, the Plaintiff has been deprived of his following rights, privileges and immunities secured him by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the Plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

41. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

### FOURTH CAUSE OF ACTION
(FOURTEENTH AMENDMENT)

42. Paragraphs 1 through 41 are incorporated herein by reference.

43. Defendants subjected Plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

44. That as a result of the foregoing, the Plaintiff has been deprived of his following rights, privileges and immunities secured him by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the Plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

45. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

### FIFTH CAUSE OF ACTION
(ASSAULT)

46. Paragraphs 1 through 45 are incorporated herein by reference.

47. That the Court has pendant jurisdiction of this claim.

48. That as a result of the foregoing, Defendants intentionally put Plaintiff in fear and fright of imminent physical harm.

49. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of DEFENDANTS, in the amount of One Million ($1,000,000.00) Dollars.

### SIX CAUSE OF ACTION
(BATTERY)

50. Paragraphs 1 through 49 are incorporated herein by reference.

51. Defendants battered the Plaintiff.

52. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of DEFENDANTS in the amount of One Million ($1,000,000.00) Dollars.

### SEVENTH CAUSE OF ACTION
(MALICIOUS PROSECUTION)

53. Paragraphs 1 through 52 are incorporated herein by reference.

54. Defendants caused a false accusatory instrument to be filed against Plaintiff.

55. The criminal instrument was dismissed and the criminal proceedings favorably terminated.

56. Defendants have deprived Plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to Plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

57. Plaintiff was damaged in the sum of One Million ($1,000,000.00) Dollars as a result of the malicious prosecution implemented by the defendants.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of Plaintiff in the amount of One Million ($1,000,000.00) Dollars on each of Plaintiff's Causes of Action;

B. Awarding Plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars on each of Plaintiff's Causes of Action;

C. Awarding Plaintiff reasonable attorney's fees, costs and disbursements of this action;

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated: 18 JULY 2013
New York, New York

Gregory Zenon, The Law Office of Gregory Zenon
110 Wall Street, 11th Floor
New York, New York 10005
212.380.8582
zenonlaw@yahoo.com
Attorney for Plaintiff